UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUL 13 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **4:16CR00303 CEJ/NCC** |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY McDONALD, ) | COUNTS I & II |
| DONALD KUHN, and ) | COUNT I |
| BRIAN GRIFFIN, ) | COUNT II |
| Defendants. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at an exact time unknown but including October 2014 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**TIMOTHY McDONALD, and
DONALD KUHN,**

did knowingly combine, conspire, and agree with each other and other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendants knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of marijuana, a Schedule I controlled substance, with the intent to promote the carrying on of the specified unlawful activity; and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

1

specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT II

The Grand Jury charges that:

Beginning at an exact time unknown but including October 2014 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**TIMOTHY McDONALD, and
BRIAN GRIFFIN,**

did knowingly combine, conspire, and agree with each other and other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendants knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of marijuana, a Schedule I controlled substance, with the intent to promote the carrying on of the specified unlawful activity; and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as set forth in Counts I and II of the Indictment, the defendants identified therein shall forfeit to the United States of America:

    a. any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956; and

    b. any property traceable to such property.

2. Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offense charged in Counts I and II.

3. Specific property subject to forfeiture in Count I and II includes, but is not limited to, the following:

    a. $6,500 U.S. currency seized on March 18, 2015

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
Stephen Casey #58879MO
Assistant United States Attorney